UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EMPIRE CAPITAL FUNDING GROUP, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17cv2507-LAB-MDD<br><br>**ORDER DENYING LIMITED EXPEDITED DISCOVERY**<br><br>**[ECF No. 33]** |

On December 14, 2017, Anton Ewing ("Plaintiff") filed a complaint alleging violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 and 1964, the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. §§ 227, *et seq.*, and California's Invasion of Privacy Act ("CIPA"), Penal Code §§ 632 and 637.2, against Peter Tafeen, Business First Funding Corp., Shore Funding Solutions, Inc, Prosperify Consulting, LLC, SMS Ventures, Inc, Resolve Holdings Corp, Wayne A. Shirreffs, and various doe defendants. (ECF No. 1).

On January 9, 2018, Defendants Ascend Funding, LLC ("Ascend"), and Peter Tafeen ("Tafeen") filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 10). On February 4, 2018, Plaintiff filed the instant ex parte

motion for leave to seek limited expedited discovery. (ECF No. 33). Defendants responded in opposition on February 12, 2018. (ECF No. 41).

As provided herein, Plaintiff's Motion for Discovery is **DENIED**.

## DISCUSSION

A. Legal Standard for Motion for Expedited Discovery

Federal Rule of Civil Procedure 26(d) states:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

In the instant case, Plaintiff may obtain early discovery only by court order. Though "[e]xpedited discovery is not the norm[,]" district courts within the Ninth Circuit have permitted expedited discovery prior to the Rule 26(f) conference upon a showing of "good cause." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations and citations omitted). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (quoting *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In considering whether good cause exists, factors courts may consider include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Palermo v. Underground Sols., Inc.*, Case No. 12cv1223-WQH-BLM, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) (citing *Am. LegalNet*, 673 F.Supp.2d at 1067).

///

B. Analysis

Plaintiff asserts that expedited discovery is necessary to address whether Defendants Ascend and Tafeen have "substantial contacts and connection to California" sufficient to establish jurisdiction. (ECF No. 33 at 5). Defendants, on the other hand, argue that Plaintiff's request is nothing more than a fishing expedition. (ECF No. 41 at 5).

1. Existence of a Pending Preliminary Injunction

Courts may find good cause when the party seeking expedited discovery has a pending motion for a preliminary injunction. *See Am. LegalNet*, 673 F. Supp.2d at 1066 (denying Plaintiff's motion for expedited discovery and noting that "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction [ ]"); *TGI Friday's, Inc. v. Stripes Rests., Inc.*, No. 1:15-CV-00592-AWI, 2015 WL 2341991, at *2 (E.D. Cal. May 13, 2015). Here, Plaintiff's prayer for relief requests a preliminary and permanent injunction "to restrain further violations of the CIPA…." (ECF No. 1 at 51). Plaintiff's request for expedited discovery, however, is not directed to the merits of the requested injunctions. Thus, the first *American LegalNet* factor weighs against permitting expedited discovery.

2. The Breadth of the Request

A party's expedited discovery requests should be "narrowly tailored" so as to discover only the "minimum amount of information needed" to achieve its stated purpose. *AF Holdings LLC v. Doe*, 2012 WL 974933, at *3 (E.D.Cal., 2012). Plaintiff seeks the following discovery:

> (1) Depositions of the persons most knowledgeable of the fundamental issues relevant to Defendants' Motions to Dismiss;
> (2) No more than ten Interrogatories to Defendants Ascend Funding and Peter Tafeen related strictly to the matters raised by Defendants in their Motions to Dismiss and going to the core of

> whether personal jurisdiction exists over Defendants; and (3) No more than fifteen Requests for Production of Documents to Defendant Ascend Funding related strictly to the matters raised by Defendants in their Motions to Dismiss and going to the core of whether personal jurisdiction exists over Defendants. Plaintiff additionally seeks to serve a limited number of third party subpoenas (no more than five subpoenas) on parties that Plaintiff has reasonable grounds to believe will have information with respect to sales of Ascend products to California and Defendants' contacts with California.
> (ECF No. 33 at 17).

Plaintiff maintains that this proposed discovery is limited and narrowly tailored to address the jurisdictional issues in Defendants' Motion to Dismiss. (*Id.*).

Defendants argue that Plaintiff's request for discovery is overly broad. (ECF No. 41 at 16). Defendants contend the breadth "in-and-of-itself establishes that Plaintiff's request is supported by nothing more than his hope that such broad discovery may produce something of value to him." (*Id.*).

Here, Plaintiff's requested discovery is overbroad. Without Plaintiff identifying what information is sought and from whom beyond referencing the pending Motion to Dismiss, the Court disagrees with Plaintiff's assertion that the requests are narrowly tailored to discover the minimum amount of information Plaintiff needs to accomplish his purpose. Thus, the Court concludes that this factor also does not support granting expedited discovery.

### 3. Purpose for Requesting Expedited Discovery

A party's purpose for requesting expedited discovery must "outweigh[ ] the prejudice" such early discovery causes "the responding party." *In re Countrywide*, 542 F. Supp. 2d at 1179. Here, Plaintiff proposes broad categories of discovery and does not present specific discovery requests to

4

fight Defendants' Motion to Dismiss. Defendants have asserted, by way of sworn declarations, that California is not the proper jurisdiction for Plaintiff's lawsuit. Plaintiff does not make any substantive challenges to the declarations and specifically argues that Tafeen's declaration is unreliable because Tafeen is "a felon convicted of multiple crimes of moral turpitude." (ECF No. 33 at 8). The Court concludes that this factor does not support granting expedited discovery.

### 4. Defendants' Burden of Complying with Expedited Discovery

Plaintiff, in his declaration, states that Defendants will not be prejudiced by the request for jurisdictional discovery. (ECF No. 33-1 at ¶18). Defendants object, insisting that "any continuance of these proceedings… will cause Ascend to incur further unwarranted attorney's fees and costs." (ECF No. 43 at 9). Because of the breadth of Plaintiff's proposed discovery, the Court finds that complying with all of Plaintiff's requests would pose a significant burden to Defendants. Thus, the Court concludes that this factor does not support granting expedited discovery.

### V. Timing of the Request

A party seeking expedited discovery should not do so too far in advance of the start of formal discovery. *See AmLegalNet*, 673 F.Supp.2d at 1067. This case is in its early stages, having just been filed three months ago. Thus, the timing factor also does not support granting expedited recovery.

### CONCLUSION

On balance, Plaintiff has not demonstrated good cause sufficient to warrant granting his request for expedited discovery.

///
///
///

5

17cv2507-LAB-MDD

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for leave to conduct expedited discovery.

Dated: March 19, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge