PHILIP J. BONOLI – Bar No. 188906
MICHAEL W. DAVIS – Bar No. 274126
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile: (818) 827-9099
Email:      pbonoli@bg.law
            mdavis@bg.law

Attorneys for Specially Appearing[1] Defendants
ASCEND FUNDING, LLC and PETER TAFEEN

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>            Plaintiff,<br><br>v.<br><br>EMPIRE CAPITAL FUNDING<br>GROUP, INC., et al.,<br><br>            Defendants. | Case No. 3:17-cv-2507 LAB (MDD)<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF PLAINTIFF ANTON EWING [ECF 69-1]**<br><br>*[Filed Concurrently with Reply In Support of Motion to Dismiss and Evidentiary Objections to Declaration of Collette Stark]*<br><br>DATE:   April 30, 2018<br>TIME:   11:30 a.m.<br>CTRM:  14A<br>Judge: Hon. Larry Alan Burns<br>[No Oral Argument Unless Ordered] |

**TO THE HONORABLE LARRY ALAN BURNS, PLAINTIFF ANTON EWING, AND ALL OTHER INTERESTED PARTIES:**

Defendants Ascend Funding LLC and Peter Tafeen (collectively referred to as the "Ascend Defendants") hereby request that the Court strike the following portions

---

[1] In objection to portions of the Ewing Declaration, the Ascend Defendants do not consent to personal jurisdiction in the State of California and do not waive any lack of personal jurisdiction arguments contained in their MTD (defined below).

1942847

of the *Declaration of Plaintiff Anton Ewing* (*"Plaintiff"* or *"Ewing"*) [Doc. 69-1] based on the objections set forth below.

## I.   EVIDENTIARY OBJECTIONS TO SPECIFIC TESTIMONY

The Ascend Defendants' objections to the Ewing Decl. are as follows:

| No. | ¶ | Material Objected to | Grounds |
|-----|---|----------------------|---------|
| 1 | 2 | Tafeen is a convicted felon for a crime of moral turpitude. | **Relevance.** Fed. R. Evid. 401, 402. Mr. Ewing's statement is not probative of any issue to be determined in connection the Ascend Defendants' pending *Motion to Dismiss* [ECF No. 10] ("MTD"). **Improper Character Evidence.** Fed. R. Evid. 404(a), (b). These statements are offered only to harass and/or embarrass Mr. Tafeen. |
| 2 | 3 | Tafeen has lied to the Court in his declaration under penalty of perjury submitted with his motion to dismiss. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). **Relevance.** Fed. R. Evid. 401, 402. There is no evidence, *whatsoever*, to support Plaintiff's unfounded contentions that Tafeen has "lied" to the Court or has otherwise perjured himself. This *ad hominem* attack is not probative with respect to any issue to be determined in connection with the MTD. |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 3 | 4 | Tafeen[]….fraudulently asserts that he is a New York resident. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). This testimony is conclusory and lacks any evidentiary support.<br><br>**Relevance.** Fed. R. Evid. 401, 402.<br>This statement is not probative to any issue in the MTD – even if the Court assumes that Mr. Tafeen is exclusively a resident of the State of Florida, such a finding does not establish that Tafeen has any contacts with the State of *California*, such that this Court's exercise of personal jurisdiction over Tafeen would be appropriate. |
| 4 | 7 | Peter Tafeen was the president of Next Level Funding, LLC when he reviewed, and was expressly named as an executive, in the settlement agreement to cease and desist from telemarketing Anton Ewing. | **Inadmissible Evidence Relating to Settlement.** Fed. R. Evid. 408.<br>The settlement agreement described by Plaintiff contained a confidentiality clause and is inadmissible pursuant to Federal Rules of Evidence 408 and should be disregarded.<br><br>**Relevance.** Fed. R. Evid. 401, 402.<br>The portions of the document do not identify Mr. Tafeen and deal with an entity, Next Level Funding that is not a defendant in this case. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|-----|---|----------------------|---------|
| 5 | 8 | Said settlement agreement mandated personal jurisdiction in San Diego, California. Tafeen knew this. Tafeen consented to jurisdiction in California for exactly this type of lawsuit now pending. | **Inadmissible Evidence Relating to Settlement.** Fed. R. Evid. 408. The settlement agreement described by Plaintiff contained a confidentiality clause and is inadmissible pursuant to Federal Rules of Evidence 408 and should be disregarded.<br><br>**Relevance.** Fed. R. Evid. 401, 402. The portions of the document do not identify Mr. Tafeen and deal with an entity, Next Level Funding that is not a defendant in this case. |
| 6 | 9 | I was personally called by Defendant Ascend Funding more than once in 2017 by Ascend Funding employees as well as by Ascend's third party telemarketers. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").<br><br>In his Complaint, Plaintiff generally alleges that Defendants as a whole called his cellular phone using an "automated telephone dialing system" or an "automated dialer." [See, Complaint, ¶¶ 6, 100.] No specific calls are alleged to have been made by either Ascend Funding or Mr. Tafeen. Now, in his opposition, Plaintiff states that he "was personally called by Defendant Ascend Funding more than once in 2017 by Ascend employees as well as by Ascend's third party telemarketers." However, Plaintiff never identified the "Ascend employees" who called him, and Plaintiff also failed to identify when these calls were made. |

4

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 7 | 10 | Ascend knew that it was reaching out to conduct business in California because of my 619 area code … | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).") Plaintiff never identified who he alleges called him, and Plaintiff also failed to identify when these calls were made.<br><br>**Lack of Foundation/ Personal Knowledge.** Fed. R. Evid. 602.  **Inadmissible Hearsay.** Fed. R. Evid. 801 and 802. Plaintiff's testimony as to what other people or persons knew or thought is inadmissible hearsay.  Plaintiff lacks sufficient personal knowledge to testify as to what other people knew or thought. |
| 8 | 11 | In 2018, Nicholas Sillaro, a high ranking employee of Ascend Funding, disclosed that Ascend has "a ton of clients in California" and that "Ascend is fully licensed to fund loans in California." | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).")<br><br>**Inadmissible Hearsay.**  Fed. R. Evid. 801 and 802. Plaintiff's statements about what someone else said, offered to prove the truth of the |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| | | | underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |
| 9 | 12 | Ascend Funding and Peter Tafeen have purposefully directed their illegal and voluminous contacts with and into California by soliciting California residents for business. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**.  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  These argumentative allegations lack any admissible evidentiary support. |
| 10 | 13 | Tafeen's declaration is patently false and perjured. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**.  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  **Relevance.** Fed. R. Evid. 401, 402. There is no evidence, *whatsoever*, to support Plaintiff's unfounded contentions that Tafeen has "lied" to the Court or has otherwise perjured himself.  This *ad hominem* attack is not probative with respect to any issue to be determined in connection with the MTD. |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 11 | 14 | Tafeen is currently a registered Republican voter in Broward County, Florida on 66th Street in Parkland, Florida. This directly conflicts with his declaration that he is from New York. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his allegations.<br><br>**Relevance.** Fed. R. Evid. 401, 402.<br>This statement is not probative to any issue in the MTD – even if the Court assumes that Mr. Tafeen is exclusively a resident of the State of Florida, such a finding does not establish that Tafeen has any contacts with the State of *California*, such that this Court's exercise of personal jurisdiction over Tafeen would be appropriate. |
| 12 | 15 | When Tafeen asserts that he had only been back to California three times since 2006 and the last in 2010, he fails to inform the Court that the reason for his return was to request early termination from federal supervised release from the BOP. | **Relevance.** Fed. R. Evid. 401, 402.<br>Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD.<br><br>**Improper Character Evidence.** Fed. R. Evid. 404(a), (b).<br>These statements are offered only to harass and/or embarrass Mr. Tafeen. |
| 13 | 16 | Tafeen recently committed felony perjury and had his attorney forge his signature on a court form filed in the | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|-----|---|---------------------|---------|
| | | Superior Court in San Diego County. | any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no admissible evidence in support of his allegations.<br><br>**Inadmissible Opinion Testimony by Lay Witness.**  Fed. R. Evid. 701, and 702.  Plaintiff is not a handwriting expert and his analysis of various signatures and conclusion that one or more may be forged its inadmissible.<br><br>**Relevance.** Fed. R. Evid. 401, 402.  Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD. |
| 14 | 17 | Tafeen previously was the president of Next Level Funding which signed a settlement agreement with Ewing wherein he agreed and consented to jurisdiction in California. | **Inadmissible Evidence Relating to Settlement.** Fed. R. Evid. 408.  The settlement agreement described by Plaintiff contained a confidentiality clause and is inadmissible pursuant to Federal Rules of Evidence 408 and should be disregarded.<br><br>**Relevance.** Fed. R. Evid. 401, 402.  The portions of the document do not identify Mr. Tafeen and deal with an entity, Next Level Funding that is not a defendant in this case. |
| 15 | 19 | Tafeen's boss (the CEO) at Next Level Funding, Mr. Shienbaum is a disbarred attorney and convicted felon. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.**  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen* |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| | | | *v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his allegations.<br><br>**Improper Character Evidence.** Fed. R. Evid. 404(a), (b).<br>These statements are offered only to harass and/or embarrass Mr. Tafeen and/or Mr. Shienbaum.<br><br>**Relevance.** Fed. R. Evid. 401, 402.<br>Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD. |
| 16 | 20 | When Tafeen filed for bankruptcy in 2011, he still owed over $28,000 to the California law firm of Russ, August and Kabat 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025. This directly conflicts with his statement made under oath that said that he has had no contact with California since he was sentenced to federal prison in 2006. | **Relevance.** Fed. R. Evid. 401, 402.<br>Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD.  Evidence or allegations of creditors dating back to times unknown (the debt is identified on a 7-year-old bankruptcy filing, which necessarily post-dates the incurrence of any debt described by such filing) is not evidence of Mr. Tafeen's alleged "recent" ties to California. *see Walashek v. Air & Liquid Sys. Corp., et al.*, Case No. 14-cv-1567, 2014 WL 12461325, at *2 (S.D. Cal. Dec. 29, 2014) (stating that "[m]ost courts examine a defendant's contacts over a period of three to seven years prior to the filing of the complaint", and ultimately dismissing case for lack of personal jurisdiction).<br><br>Plaintiff does not allege when this debt was supposedly incurred (the documents submitted by Plaintiff do not reflect that any such debt did not pre-date 2006). Moreover, the hiring of California counsel (if that is actually what the alleged debt represents) does not, as a |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|-----|---|----------------------|---------|
| | | | matter of law, mean that Tafeen has submitted to the jurisdiction of California courts (for example, Mr. Tafeen has counsel in this matter but has not consented to jurisdiction and is specially appearing to contest the same). |
| 17 | 21 | Tafeen still had significant contacts with California in 2011 which proves that his declaration is perjured. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**. *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. <br><br> **Relevance.** Fed. R. Evid. 401, 402. There is no evidence, *whatsoever*, to support Plaintiff's unfounded contentions that Tafeen has "lied" to the Court or has otherwise perjured himself.  This *ad hominem* attack is not probative with respect to any issue to be determined in connection with the MTD. |
| 18 | 22 | Tafeen stated in his declaration that he has not been in California since 2006 "for hearings in a court case" (his felony sentencing that is). | **Relevance.** Fed. R. Evid. 401, 402. Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD. <br><br> **Improper Character Evidence.** Fed. R. Evid. 404(a), (b). These statements are offered only to harass and/or embarrass Mr. Tafeen. |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 19 | 23 | Tafeen still uses a California CPA to prepare his taxes. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. |
| 20 | 24 | Dave Lang, CPA located at 19600 Fairchild, Suite 320, Irvine, CA 92612 is the CPA Tafeen listed on his bankruptcy filing and he is still using this California based CPA. | **Relevance.** Fed. R. Evid. 401, 402. Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD.<br><br>Plaintiff does not present any evidence that notwithstanding that Tafeen may have used a "California-based" CPA prior to 2011 (which such assertion is only supported by Plaintiff's suppositions based upon the bankruptcy filings), that necessarily means "Tafeen still uses a California CPA to prepare his taxes." |
| 21 | 25 | Tafeen still runs RGT Capital Management, LP, which is a California limited partnership. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| | | | Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. |
| 22 | 26 | Tafeen also currently uses Michael Templeman, CPA who is based out of Rancho Santa Margarita in California. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**. *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. |
| 23 | 27 | Tafeen currently banks at Bank of America, account ending 1590, an account that he opened while a resident of California, at a California location, and still uses to this day. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**.  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. |
| 24 | 28 | Plaintiff has a recorded call with the CEO of Meridian, the third party telemarketer of Ascend, wherein he admits that Ascend Funding knows that they are calling California residents for | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**. *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen* |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

| No. | ¶ | Material Objected to | Grounds |
|-----|---|----------------------|---------|
| | | Ascend. | *v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).")  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801 and 802.<br>Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |
| 25 | 29 | The CEO of Meridian stated that Peter Tafeen expressly requested California businesses for live transfer to Ascend. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**. *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).")  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801 and 802.<br>Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 26 | 30 | Defendants have been sued in a class action case in Florida and New York, multiple times, for illegal telemarketing and for running a racketeering boiler-room enterprise of telemarketers. Those plaintiffs are California residents. | **Relevance.** Fed. R. Evid. 401, 402. Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD.<br><br>If anything, the fact that these alleged California residents were required to file lawsuits in other jurisdictions is evidence that California is not a proper forum for such lawsuits.  Point in fact, *Menichiello*, the California District Court Judge Andrew Guilford **granted Ascend Funding's motion to dismiss for lack of personal jurisdiction.** *See*, Docket No. 41-2, at Ex. H. |
| 27 | 32 | Defendants violate section 501 of Title 47 thousands of times per day through the use of an ATDS. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.**  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations. |
| 28 | 42 | Ascend and Tafeen have sufficient minimum contacts with California such that it would not be unreasonable for the court to exercise personal jurisdiction over them. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.**  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). |

14
EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

| No. | ¶ | Material Objected to | Grounds |
|-----|---|---------------------|---------|
| | | | **Inappropriate Legal Conclusion.**  Fed. R. Evid. 704.<br>Whether the Court may exercise personal jurisdiction is the ultimate issue to be decided by the Court. |
| 29 | 43 | I believe that Tafeen is hiding information and evidence that would show that Ascend has significant contacts with California. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**.  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence as to the truth of the matters underlying his unsubstantiated "beliefs."<br><br>**Relevance.**  Fed. R. Evid. 401, 402.<br>Mr. Ewing's statement is not probative of any issue to be determined in connection the MTD.  What Plaintiff believes or feels is not proof of anything. |
| 30 | 46<br><br>47 | 46.  Ascend Funding advertises recommendations on its web page at www.ascendfundings.com that shows that it has funded loans in California and has done business with other California residents. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**.  *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|-----|---|---------------------|---------|
| | | 47. Ascend Funding purposefully avails itself of the California markets through its web page. | **Inappropriate Legal Conclusion.** Fed. R. Evid. 704. Ascend's web page does not show that it has funded loans in California. Plaintiff has offered no evidence to support his allegations that Ascend does business in California. |
| 31 | 48 | Former Ascend employee Gregg Mullen expressly informed me that Ascend Funding does in fact knowingly call potential clients in California to solicit business for Ascend. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").  Plaintiff offers no evidence in support of his conclusory, self-serving, allegations.<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801 and 802. Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |
| 32 | 50 | Ascend Funding has posted a TrustPilot online recommendation that was published in Ascend's own web page that shows "JL in California" which is a client of Ascend who is residing and living in California. Ascend admits on its own web | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th |

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| | | page that is has clients in California which shows that Tafeen's declaration is perjured. | Cir.1990).") . There is no evidence establishing the identity of this individual or establishing whether this individual is a client of Ascend Funding. |
| 33 | 52 | On or about January 11, 2018 I received an email from Bryan Brunell, employee of Ascend, that stated that Ascend does fund loans in California. | **Inadmissible Hearsay.** Fed. R. Evid. 801 and 802. The e-mail is only admissible to the extent that Plaintiff declares it is a true and correct copy of an e-mail he received. It is inadmissible to the extent that he relies on the content thereof to prove the truth of the matter allegedly asserted (*to wit*, that Ascend funds loans in California).<br><br>Plaintiff failed to allege that Mr. Brunell had the authority to bind the Ascend Defendants. Plaintiff failed to attach a declaration signed by Mr. Brunell attesting to authenticity of the email. |
| 34 | 56 | Tafeen declared under oath in his affidavit submitted in support of his motion to dismiss that "Ascend does not solicit or market for business in California." That is a complete and total lie. That statement is false and perjured. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence**. *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").<br><br>**Relevance.** Fed. R. Evid. 401, 402. There is no evidence, *whatsoever*, to support Plaintiff's unfounded contentions that Tafeen has "lied" to the Court or has otherwise perjured himself.  This *ad hominem* attack is not probative with respect to any issue to be determined in connection with the MTD. |

17
EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| 35 | 57 | Tafeen declared under oath in his affidavit submitted in support of his motion to dismiss that "Ascend does not conduct business in California." That is a complete and total lie. That statement is false and perjured. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). <br><br>**Relevance.** Fed. R. Evid. 401, 402. There is no evidence, *whatsoever*, to support Plaintiff's unfounded contentions that Tafeen has "lied" to the Court or has otherwise perjured himself. This *ad hominem* attack is not probative with respect to any issue to be determined in connection with the MTD. |
| 36 | 59 | Ascend employee Mark Anthony stated on a recorded call on or about December 2, 2017, that he knew I was in San Diego, California and he stated that Ascend has licenses all over the country. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). <br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801 and 802. Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

| No. | ¶ | Material Objected to | Grounds |
|-----|---|----------------------|---------|
| 37 | 60 | When I spoke with the telephone call originator on December 2, 2017, he stated that he was with the same company, Ascend Funding, and not a different company. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3db 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990).").<br><br>**Inadmissible Hearsay.** Fed. R. Evid. 801 and 802.<br>Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |
| 38 | 61 | Ascend employee Mark Anthony stated on the phone that he already had my telephone number which means that he knew my area code of 619, which is entirely within California. | **Conclusory, self-serving, lacking detailed facts and any supporting evidence.** *See, e.g., F.T.C. v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir. 1997), <u>as amended</u> (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact. *Hansen v. United States,* 7 F.3db 137, 138 (9th Cir.1993); *United States v. One Parcel of Real Property,* 904 F.2d 487, 492 n. 3 (9th Cir.1990)."). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF ANTON EWING

1942847

| No. | ¶ | Material Objected to | Grounds |
|---|---|---|---|
| | | | **Inadmissible Hearsay.** Fed. R. Evid. 801 and 802.<br>Plaintiff's statements about what someone else said, offered to prove the truth of the underlying matter, are inadmissible hearsay statements not falling within any exception to the rule against hearsay. |

Dated: April 20, 2018

BRUTZKUS GUBNER

By: *Philip J. Bonoli*

PHILIP J. BONOLI
MICHAEL W. DAVIS
Attorneys for Specially Appearing Defendants,
ASCEND FUNDING, LLC and
PETER TAFEEN
pbonoli@bg.law
mdavis@bg.law