# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                Plaintiff,<br><br>vs.<br><br>EMPIRE CAPITAL FUNDING GROUP, INC., et al.,<br><br>                Defendants | CASE NO. 17cv2507-LAB (MDD)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS; (2) DENYING MOTION FOR SERVICE; (3) DENYING MOTION FOR SANCTIONS; (4) DENYING MOTION TO INTERVENE** |

Serial litigator Anton Ewing sued nine defendants after he received robocalls that allegedly recorded him without obtaining his consent. Two of those defendants, Ascend Funding and Peter Tafeen, have moved to dismiss for lack of personal jurisdiction and failure to state a claim. Ewing moves for service and sanctions. Collette Stark asks to intervene. The Court grants the motion to dismiss for failure to state a claim, but denies the rest.

**I.    Motion to Dismiss**

    **A.    Personal Jurisdiction**

Since neither Ascend nor Tafeen are "essentially at home" in California, Ewing must show the Court has specific jurisdiction over these out-of-state defendants. *Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014). That means Ewing's claims must arise out of activity they purposefully directed at California and it's reasonable to ask them to defend in

California. *Sher v. Johnson,* 911 F.2d 1357 (9th Cir. 1990). Defendants argue they didn't personally call Ewing—a lead-generator company called him in October 2017 and then transferred him to an Ascend representative. Although the Ascend representative told Ewing the lead-generator company was with Ascend, he was wrong. Ascend's Vice President provided an affidavit with perfunctory legal conclusions as support. (For example: "Ascend is not in an agency relationship with the third party lead generator"; "Ascend does not have any control over the third party lead generator.") Ewing's affidavit wasn't much better, but he swears under oath that Ascend employees personally called him in 2017—in addition to the lead-generators working on their behalf—knowing he had a California phone number. He says Tafeen is the sole officer and director of Ascend, and swears the lead-generator's CEO said Tafeen expressly requested California business.

"Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). It's a close call here, but resolving the conflict in Ewing's favor based on his sworn affidavit, the Court finds at this stage, he's met his burden to show a prima facie case of personal jurisdiction and Defendants haven't explained why it's unreasonable to ask them to defend here. *See, e.g., Ewing v. McCarthy*, 2017 WL 4810098, at *3 (S.D. Cal. Oct. 25, 2017). Defendants may renew their motion after Ewing amends, but at this time, the motion to dismiss for lack of personal jurisdiction is denied. [Dkt. 10].

### B. Failure to State a Claim

Although the Court has personal jurisdiction over Defendants, Ewing's complaint doesn't contain sufficient factual matter, taken as true, to state a plausible claim to relief. *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007). Among other problems, Ewing failed to differentiate his allegations against each Defendant—lumping them all together doesn't give them, or the Court, enough information to evaluate the claims against each one. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 997–98 (9th Cir. 2011) (insufficient under Rule 9); *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 960–61 (S.D. Cal. 1996) (insufficient under Rule 8). For example, Ewing alleges: "On March 21, 2016, Plaintiff

EWING was called by Defendants." But Ewing is suing nine different defendants. He also generally alleges "Defendants" called him repeatedly between April 2016 and December 2017. This isn't good enough either. He needs to explain who called him, when, and how he was harmed. Additionally, Ewing's RICO claim fails to comply with Rule 9(b)'s heightened pleading standard. He didn't allege "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Ewing's claims against Ascend and Tafeen are dismissed. [Dkt. 10.] But given the Ninth Circuit's extremely liberal amendment policy, he may file an amended complaint by August 27, 2018. The Court reminds Ewing he must comply with his obligations under Fed. R. Civ. P. 11 before filing.

**II.　Service**

Ewing asks the Court to authorize the U.S. Marshals to serve Ascend Funding and Tafeen under 18 U.S.C. § 1965(b). It's unclear from his motion, but it appears he asked for this relief to establish personal jurisdiction over the Defendants. Since the Court finds personal jurisdiction exists, this request is denied as moot. [Dkt. 27.]

**III.　Sanctions**

Ewing filed a motion for sanctions against Defendants' counsel for filing a frivolous motion to dismiss. Ewing has more than ten cases pending in this district, and he's moved for sanctions against counsel in at least three of them. The Court recently admonished Ewing for this conduct. *See* Order Granting Mot. to Seal, *Ewing v. K2 Property Development et al.*, (S.D. Cal. June 6, 2018) [Dkt. 113]. Filing sanctions against opposing counsel for an improper purpose is itself sanctionable, and "the court may take any appropriate measures to address violations of the rules." CivLR 83.4; Fed. R. Civ. P. 11. What's more, at the outset of this case, the Court noted Ewing's failings in the *K2 Property* case and required him to file an affidavit attesting he had read the Local Rules. The purpose of that order wasn't just to read them—it was to comply with them.

/ / /

Despite multiple warnings, Ewing continues to violate the Court's rules, and this motion for sanctions is the latest iteration. The Court orders Ewing to file a two page memorandum by August 27, 2018, addressing why he shouldn't be sanctioned and ordered to pay Defendants' attorneys' fees and costs in opposing his frivolous sanctions motion. *See, e.g.*, *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Ewing's motion for sanctions is denied. [Dkt. 55.]

## IV. Intervention

The Court "may permit anyone to intervene who" "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Collette Stark asks to intervene because she wants to sue Ascend and Tafeen for similar telemarketing calls in violation of the same three causes of action Ewing pleaded.

While common questions of law or fact may exist, Stark's motion hasn't sufficiently alleged her claims. She failed to attach a proposed pleading under 24(c), and while that's only a technical defect, it matters here because her motion doesn't put Defendants or the Court on notice of her claims. She included exhibits from an action by Video Solutions against Ascend Funding in state court, but doesn't offer any explanation for how that case relates to this one, or what phone calls form the basis for her action against Ascend and Tafeen. Defendants, and the Court, aren't in a position to evaluate if intervention is appropriate. The motion is denied. [Dkt. 57]. If she thinks she can fix the problems the Court and Defendants identified, she may file a renewed motion by August 27, 2018.

**IT IS SO ORDERED**.

Dated: July 30, 2018

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge