Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
(619) 719-9640
anton@antonewing.com

Plaintiff In Pro Per

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, | Civil Case No. 7cv2507 LAB (MDD)_____ |
| Plaintiff, | _____ |
| vs. | |
| | **FIRST AMENDED COMPLAINT** |
| Empire Capital Funding Group, Inc., a New York corporation; | |
| Ascend Funding, LLC, a Delaware limited liability company; | **1. TCPA  47USC§227**<br>**2. CIPA   PC §632,§637.2, §632.7** |
| Peter Tafeen, an individual; | |
| Business First Funding Corp, a New York corporation; | Jury Trial Requested |
| Shore Funding Solutions, Inc, a New York corporation; | |
| Prosperify Consulting, LLC, a Delaware limited liability company; | |
| SMS Ventures, Inc, a New York corporation; | |
| Resolve Holdings Corp, a Florida corporation; | |
| Wayne A. Shirreffs, an individual; | |
| Defendants. | |

1.     When this case was originally filed, there were nine defendants.  All but Ascend Funding, LLC and its owner, Peter Tafeen, have been either defaulted or dismissed[1].  On July 30, 2018 in ECF No. 82, the Honorable District Judge Larry A. Burns granted Plaintiff Anton Ewing leave to file this first amended complaint (FAC).  In this FAC, Plaintiff hereby elects to forgo the RICO cause of action without prejudice, and may request leave of court after discovery to re-assert the RICO cause of action.  At present, Defendants Ascend and Tafeen seem overwhelmed by RICO.  Defendant Empire Capital was defaulted by the Clerk in ECF No. 70.  Defendant Resolve Holdings Corp was defaulted by the Clerk in ECF No. 37.  Defendant SMS Ventures, Inc was defaulted by the Clerk in ECF No. 51. Defendant Prosperify Consulting, LLC was defaulted by the Clerk in ECF No. 60.  Plaintiff requested entry of default by the Clerk as to Defendant Wayne A. Shirreffs on 2/4/2017 in ECF NO. 36 and again in ECF No. 49 and default was entered by the Clerk.    Shore Funding Solutions, Inc settled, paid and was dismissed in ECF No. 81.  Business First Funding Corp has closed its doors, shut down its telemarketing operations and stopped harming millions of Americans with annoying, harassing and illegal telemarketing robo-calls.  Business First Funding Corp has been dismissed without prejudice and will be sued again when

---

[1] The Shore dismissal is in Plaintiff favor after signed settlement agreement and payments made to Ewing by the defendant.

17cv2507

they are located.   See ECF No. 83.  Business First Funding Corp has literally

dropped off the face of the earth.  The process server indicated the office is empty

and the phone number on the web page is for insurance.  The only remaining

defendants are Ascend Funding and its CEO Peter Tafeen.

2.      The amended complaint will refer to Ascend Funding and Tafeen

throughout but the TCPA violations and the CIPA violations are also applied and

alleged against SMS, Resolve, Shirreffs and Empire.  Applications for default

judgment will be filed at the appropriate time for each of the above listed

defaulted defendants.

3.      The defendants being sued herein are "persons" as defined by 47 USC

§153(39) and are listed as follows:

      a.  Defendant Empire Capital Funding Group, Inc., a New York

          corporation located at 95 West Broadway, Suite 211, New York, New

          York 10007 (herein "Empire").  Empire, through Javier Mejia and Jose

          Martinez and others, called multiple times on December 6, 2017,

          including one call at 7:01AM, from 845-366-5858, 347-230-8492, 917-

          246-3113 and 631-292-4099.

      b.  Defendant Ascend Funding, LLC, a Delaware limited liability company

          (herein "Ascend") with an office in New York, New York and doing

          business in California (this defendant has been sued by multiple

17cv2507

plaintiffs in California Defendant Peter Tafeen, an individual lives in Florida and has an office in New York.  Tafeen claims to be the CEO of Ascend.  Tafeen was convicted of insider trading (crime of moral turpitude) and went to federal prison for 30 months.  Tafeen also has an assault and battery conviction from Florida.  Violating 47 USC §501 is a crime.  Tafeen uses www.ascendfundings.com for his telemarketing scam.

c.  Defendant Business First Funding Corp, a New York corporation (herein "BFF") located at 71 or 73 Dear Park Ave, Suite 2, Babylon Village, New York 11702.   BFF called multiple times on December 6, 2017 from 631-940-8383 and 845-366-5858 (this is an illegally spoofed number).  BFF uses www.bffundingcorp.com and 844-526-9888 as their office number.

d.  Defendant Prosperify Consulting, LLC, a Delaware limited liability company (herein "Prosperify").  Prosperify used 469-609-7256 to call multiple times.  Plaintiff recorded many of the illegal and harassing calls because PC §653m is an exception listed in PC §633.5.  Prosperify employees got rather nasty in those calls and it will be very interesting to play them to the jury.  Plaintiff sued Prosperify for one call made on July 20, 2017 in Superior Court and won.  This lawsuit is

17cv2507

not claiming that call again but rather for the other calls also made by Prosperify that violate the TCPA and constitute wire fraud.

    e. Defendant SMS Ventures, Inc, a New York corporation is owned by Defendant Wayne Shirreffs along with Defendant Resolve Holdings Corp, a Florida corporation.  Wayne Shirreffs is no stranger to be sued for TCPA violations.  He lost case number 15cv03931 in district court in South Carolina which was a TCPA class action case.  Shirreffs is an arrogant, pompous and angry person who just does not get it.  He needs to be taught a lesson- that is, to obey the law.  Shirreffs, Resolve and SMS sometimes use the dba of Sprout Lending and they called Plaintiff on 12/13/2017 multiple times.

4.    The Court made the following pronouncements at paragraph B on page 2 of the Order contained in ECF No. 82.

    a. "Ewing failed to differentiate his allegations against each Defendant."  – That issue is resolved below by expressly, by specifically naming each defendant throughout and by the fact that only the Ascend defendant, along with its owner and CEO, Tafeen, are left in this case.

b.  "Ewing's complaint doesn't contain sufficient factual matter, taken as true, to state a plausible claim to relief." – the who, what, where, when and how is now detailed below.

c.  "Ewing's RICO claim fails to comply with Rule 9(b)'s heightened pleading standard." – the RICO claim is expressly removed without prejudice until discovery affords the time, place and specific content of false representations as well as the identities of the parties to the misrepresentations.

d.  The Court has ruled that it has personal and subject matter jurisdiction over Ascend and Tafeen in the TCPA and CIPA civil suit.

5.    Attorney Bonoli, representing Ascend and Tafeen, was invited several times to meet and confer about this FAC.  Bonoli declined.  Bonoli would, rather than works things out in professional meet and confer, instead file a motion to dismiss, thereby taking up more of the Court's time and resources.  Bonoli could have saved this Court time but chose not to do so.

6.    Plaintiff Anton Ewing (herein "Ewing" or "Plaintiff") is a resident of San Diego, California and is suing each and every defendant listed for committing the criminal act of violating 47 U.S.C. §501 by violating what has been expressly made unlawful under 47 USC §227.  Section 227 of Title 47 provides a private

right of action to sue for illegal robo-dialed telemarketing calls to Plaintiff's Do Not Call registry registered private cellular phone (619-719-9640) for which Plaintiff is charged for minutes and text messages by AT&T and charged for the electrical power to recharge by SDG&E after receiving the illegal telemarketing calls and texts messages from the Defendants, including Ascend Funding, LLC.

7.      Plaintiff Anton Ewing heard a distinctive click and pause at the beginning of each robo-dialed telemarketing call made by Defendant Ascend Funding, LLC using an Automatic Telephone Dialing System.  To be clear, Defendant Ascend Funding, LLC used an ATDS to call Plaintiff.  There was more than a two-second delay before a live human operator came on to the call.  Plaintiff has a full and complete recording of one of the harassing and annoying calls that violated California Penal Code §653m and will provide a true and accurate copy of the same to the Court.  The recording proves the click sound and the delay.   "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).  The Federal Communications Commission ("FCC")—which has authority to implement the TCPA's provisions, *see* 47 U.S.C. § 227(b)(2)— has stated that a plaintiff, to establish a TCPA violation, "need only show that [the Defendant] called a number assigned to a cellular telephone service using an

automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (quoting *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559, 564 (F.C.C. 2008)).  Because Defendant Ascend Funding, LLC violated multiple subsections of 47 U.S.C. §227, including but not limited to 47 U.S.C. §227(b)(1)(A) and §227(c), then Defendant Ascend Funding, LLC committed the criminal violation of 47 U.S.C. §501.  Defendant Ascend Funding, LLC knowingly and intentionally devised a scheme, plan and artifice to use the wires of the United States to criminally call Plaintiff's DNC registered telephone to illegally sell and collect on fraudulent and usurious loans, all without a license (real estate or CFL). The multiple acts of wire fraud, in violation of 18 USC §1343, provide the basis and foundation of predicate acts that make Defendant Ascend Funding, LLC liable violation for TCPA.

8.      Importantly, "prior express consent is an affirmative defense, not an element of the claim," meaning a plaintiff "need not plead that he did not give his prior express consent." *Manfred v. Bennett Law, PLLC*, No. 12–CV–61548, 2012 WL 6102071, at *2 (S.D. Fla. Dec. 7, 2012). Rather, "[t]he only thing [a] [p]laintiff must plead to establish a violation of the TCPA is that the [d]efendants left voicemail messages at a number assigned to a cellular telephone service using an automatic dialing system or an artificial or pre-recorded voice." *Id.* (denying

motion to dismiss for failure to state a claim where the plaintiff alleged "that [the] [d]efendants used an Automatic Telephone Dialing System or an artificial or pre-recorded voice to place the telephone calls to [the] [p]laintiff's cellular phone.").

9.     Plaintiff Ewing alleges that Defendant Ascend Funding, LLC placed repeated automated telephone calls to Plaintiff's cell phone (619-719-9640) from Defendant's phone and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff within a period of time (April 21, 2016 to December 13, 2017) and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim. Defendant Ascend Funding, LLC's telemarketing agent, which Defendant Ascend Funding, LLC has total control over, also admitted on the call that Ascend Funding, LLC used an ATDS to initiate the dialing of the call to Plaintiff's personal private cellular phone which is registered on the national do not call registry. The Court is requested to take judicial notice of www.donotcall.gov.

10.     Plaintiff requested a copy of Defendant Ascend Funding, LLC's Do-Not-Call policy and Defendant Ascend Funding, LLC failed to provide a copy. This is a violation of 47 USC §227(c). To this day, Defendant Ascend Funding, LLC has still not provided a copy of their required written do not call policy.

17cv2507

11.    Defendant Ascend Funding, LLC is also not licensed to sell loans to California consumers (including Plaintiff Ewing) that exceed 10% per annum interest rates.  Defendant Ascend Funding, LLC did, and does still, sell loans into California, to California residents, that far exceed the 10% legal limit and thus Defendant Ascend Funding, LLC is engaged in felony loan shark usury lending. Defendant Ascend Funding, LLC's use the wires of the United States to engage in this fraudulent lending, all of which constitutes a common plan or scheme to engage in criminal activity.

12.    To be clear, Defendant Ascend Funding, LLC has, within the time stated above, made thousands of illegal telemarketing calls as part of a scheme to defraud Plaintiff and others of money or property.  Plaintiff has expressly articulated when and what number was called.  Defendant Ascend Funding, LLC knows from their own databases that they called Plaintiff.  Ascend Funding, LLC knows what day and time as well as from what number and to what number.

13.    When Defendant Ascend Funding, LLC called Plaintiff, that act was a crime.  The statute violated is 47 USC §501.  Defendant Ascend Funding, LLC herein is expressly and clearly being accused of criminal activity.  That criminal activity has a statutory private right of action that is being enforced by this Plaintiff.  Defendant Ascend Funding, LLC does not get to get away will illegally and criminally calling millions of Americans and think that we are OK with it.  We are not.  We are sick of it.  This First Amended Complaint is going to stop Ascend Funding, LLC by respectfully requesting the Court issue an injunction pursuant to 47 USC §227(b)(3) to stop violating the TCPA and stop harassing Americans, including this honorably discharged conservative republican plaintiff.  The

message will be loud and clear: stop exporting jobs and hiring boiler-rooms in third world countries to do your dirty work of calling our cell phones to harass and annoy us.  The only reason the word "serial" might apply to Plaintiff is because of so many different TCPA violators.  But for the plethora of people like Tafeen willing to violate the TCPA, Plaintiff would not have to file so many lawsuits to try to stop the harassment of Americans.  The FTC and FCC enforcement is a joke.

14.   One of the statutes that was violated was 47 USC §227(b).  It expressly states "it shall be unlawful…" and by doing the unlawful act of calling Plaintiff to solicit the Defendant Ascend Funding, LLC's scams, Defendant Ascend Funding, LLC has committed a crime.

15.   47 USC §501 expressly states that it is a crime to violate what has been "made unlawful" within chapter six.  Section 227 is within chapter six.

16.   Plaintiff further brings a cause of action and alleges that Defendant Ascend Funding, LLC has violated the Telephone Consumer Protection Act, 47 USC §227(b)(1)(A) and 16 CFR Part 310, by illegally calling Plaintiff's cellular telephone number 619-719-9640 to solicit and sell Defendant Ascend Funding, LLC's usurious loans.  Usury is a felony under California law.  Defendant Ascend Funding, LLC's employees each stated that their loans are at 20% or higher.  That is a felony.

17.   Plaintiff further brings a cause of action and alleges that Defendant Ascend Funding, LLC has violated California Penal Code sections 632, 637.2 and 632.7 by illegally recording the telemarketing calls Defendant Ascend Funding, LLC made to Plaintiff without informing Plaintiff that said calls were being recorded by Defendant Ascend Funding, LLC at the beginning of the call.

18.   Defendant Ascend Funding, LLC is selling and has sold illegal loans at the usurious interest rate of 52% (fifty-two percent) per annum charged on the

principle amount of the outstanding loan.

19.   Defendant Ascend Funding, LLC, along with the employees and contracted agents of Defendant Ascend Funding, LLC, owed a duty of care, a duty of honesty, and a duty of loyalty as well as a fiduciary duty (found in every client-customer relationship wherein confidential and private information is exchanged), to Plaintiff Anton Ewing when Defendant Ascend Funding, LLC called Anton Ewing to sell its loans.  Those above stated duties, and each of them, were breached by Defendant Ascend Funding, LLC when their employees and agents illegally, and criminally, called Plaintiff by violating 47 USC section 501[2] and 227(b)(1)(A) and (c)(5), as well as the Telemarketing Sales Rule (16 CFR Part 310).  Additionally, Defendant Ascend Funding, LLC breached said duties when they, and their agents and employees, illegally, and with criminal *mens rea*, secretly recorded the solicitation calls Ascend Funding, LLC made to Plaintiff in violation of California Penal Code section 632, 637.2 and 632.7 as well as violation of Civil Code section 1770(a)(22).

20.   Defendant Ascend Funding, LLC has not filed or registered as a telemarketer with the California Department of Justice pursuant to Business &

---

[2] Any person who willfully and knowingly does or causes or suffers to be done any act, matter, or thing, in this chapter prohibited or declared to be unlawful, or who willfully and knowingly omits or fails to do any act, matter, or thing in this chapter required to be done, or willfully and knowingly causes or suffers such omission or failure, shall, upon conviction thereof, be punished for such offense, for which no penalty (other than a forfeiture) is provided in this chapter, by a fine of not more than $10,000 or by imprisonment for a term not exceeding one year, or both.

17cv2507

Professions Code §17511.1.  That is a felony pursuant to B&P §17511.9.

Defendant Ascend Funding, LLC was required to post a $100,000 bond so that

Plaintiff could use said bond to satisfy the judgment in this lawsuit.

21.    Moreover, Defendant Ascend Funding, LLC violated California law by

knowingly and intentionally failing to register to do business in California with the

California Secretary of State, as well as failing to obtain a California Finance

Lender license and failing to pay California taxes to the State Board of

Equalization and Franchise Tax Board (tax fraud) on profits they have earned in

California from California customers.

22.    Defendant Ascend Funding, LLC violated Plaintiff's intangible right to

honest services as defined in 18 USC §1346 which defines the term scheme or

artifact to defraud regarding wire fraud (18 USC §1343).  See *United States v.*

*Rybicki*, 354 F.3d 124 (2d Cir. 2003)  Defendant Ascend Funding, LLC repeatedly

called Plaintiff, which constitutes the use of the wires to engage in their scheme

and thus wire fraud under 18 USC §1343, to illegally sell its 52% annual interest

rates loans, which is usurious felony loan shark lending in violation of California

and federal law.   Defendant Ascend Funding, LLC's employees and agents were

dishonest with Plaintiff and were committing multiple criminal acts as a result of

the calls and during the calls.  Defendant Ascend Funding, LLC breached

Plaintiff's right to privacy and Plaintiff's intangible right to honest services when

Ascend Funding, LLC called Plaintiff.  Plaintiff's privacy rights are protected under California Penal Code section 632, et seq.  Plaintiff had the vested right to have Defendant Ascend Funding, LLC's employees and agents communicate honestly and truthfully, which they did not do.  Plaintiff provided Defendant Ascend Funding, LLC with extensive private information during each call because Defendant Ascend Funding, LLC's agent was filling out the loan application contemporaneously.  Defendant Ascend Funding, LLC's agent had a duty to be honest with Plaintiff and had a duty to not engage in criminal conduct at any time during said calls.  The act of committing the crime of calling (47 USC §501), along with the act of selling a usurious loan (18 USC §892), as well as the act of illegal recording (PC §632) was a breach of Plaintiff's intangible right to honest services. The breach and violation of the intangible right to honest services constitutes wire fraud under 18 USC §1343.

23.     Defendant Ascend Funding, LLC committed the crime of extortion by threatening Plaintiff with criminal action by threatening to contact the San Diego Police if Plaintiff did not give up his rights, money and property, all in violation of California Penal Code §519 and 523.  Defendant Ascend Funding, LLC acted at and with express direction and control of its CEO Peter Tafeen (a convicted felon).

24.     Nobody, including republicans and democrats, conservatives and liberals, likes telemarketers and yet Defendant Ascend Funding, LLC and Defendant

Tafeen have the gall and audacity to accuse Plaintiff of wrong-doing when it is Defendant Ascend Funding, LLC and Defendant Tafeen who are the criminal telemarketers running boiler-rooms filled with dozens of cubicles packed with telemarketers using robo-dialers.  But for Defendant Ascend Funding, LLC's failure to scrub their telemarketing lists, they would never have called Plaintiff.

25.   A simple Google search of Plaintiff's phone number yields dozens of web pages that each state that if you call 619-719-9640 to telemarket, you will be sued.

26.   Upon information and belief, Plaintiff has earned a position on the known TCPA litigator list and is contained within the scrubbing software found at www.dnc.com.

27.   Plaintiff has sent an email to every TCPA defense attorney in every state and expressly told each attorney that if your client calls Plaintiff's phone, they will be sued.

28.    Defendant Ascend Funding, LLC has also been sued in a class action lawsuit for TCPA violations in case number 1:2017cv22656 in the Southern District of Florida,  as well as case number 8:2018cv00609 in the Central District of California, and in case number 1:2017cv08436 in the Southern District of New York, and in case number 0:2017cv60787 in the Southern District of Florida. The Court is requested to take judicial notice of these TCPA class action lawsuits against Defendant Ascend Funding, LLC.  Ascend Funding cannot possibly be

17cv2507

shocked or surprised that they are being sued yet again for the same illegal conduct here.  The Court is also requested to take judicial notice of case number 37-2017-00352158-SC-SC-CTL filed in Superior Court in San Diego for TCPA violations. Each of these above cases demonstrates and clearly shows that Plaintiff Ewing is not the first and likely not the last person that Ascend Funding, LLC has illegally called in violation of the TCPA.  Each of the above federal cases were filed and prosecuted by lawyers who are experts in TCPA matters.  Ascend Funding, LLC is a major violator of the TCPA on a massive scale.  Ascend's CEO, Peter Tafeen has nothing to lose by violating the TCPA.  He is a felon and he recently filed for bankruptcy.  Ascend Funding, LLC is making millions of dollars and can afford an army of attorneys to zealously defend them against every lawsuit, to wear down their plaintiffs and settle the matters to keep them quiet while Ascend Funding, LLC continues to engage in its onslaught of harassing and annoying telemarketing calls and robo-dialing.

29.    Defendant Ascend Funding, LLC has and is running a boiler-room operation with over one hundred telemarketers that they have trained and conspired with to make illegal telemarketing calls to Americans whose cellular and home phones are registered on the FTC's national Do-Not-Call registry.

30.    Plaintiff Ewing is an honorably discharged veteran of the United States Navy with a service connected disability rating.  Plaintiff Ewing was trained as and certified as a nuclear reactor operator while in the US Navy.

31.    Plaintiff Ewing is, essentially, acting as a private attorney general to stop the abusive and illegal telemarketing operations of Ascend Funding, LLC that violate 47 USC §227.  The only reason Ewing has filed so many TCPA lawsuits is because there are a plethora of businesses, like Ascend Funding, LLC, that find that it is more profitable to willfully violate the TCPA than to comply with the law. This Court honorably fought to uphold and enforce the law as a district attorney for many years and then went on to uphold and enforce the law as a United States Attorney for over a decade.  Ewing is not a serial litigator in a derogatory sense but rather an enforcer of a federal law that was designed to stop persons from harassing and annoying Americans with incessant solicitation calls.  Nobody, not even this Court, likes telemarketers.

32.    According to CNBC, in May of 2017 there were 2.6 billion robocalls in the U.S.  See https://www.cnbc.com/2017/06/25/robocalling-soars-despite-do-not-call-registry-as-scammers-couldnt-care-less-about-bothering-consumers.html

33.    According to CBS News, in an article published on December 19, 2017, there were 18 billion robocalls in 2016.

17cv2507

34.     According to a January 11, 2018 article in the Washington Post, there are over 230 million people on the FTC's do not call registry and the FTC receives over 19,000 robocall complaints each day.

https://www.washingtonpost.com/lifestyle/magazine/how-robo-call-moguls-outwitted-the-government-and-completely-wrecked-the-do-not-call-list/2018/01/09/52c769b6-df7a-11e7-bbd0-9dfb2e37492a_story.html?utm_term=.31287f7a056b

35.     According to a May 6, 2018 article in the New York Times, there were 3.4 billion robocalls in April of 2018 according to YouMail, which collects and analyzes calls through is robocall blocking service.

36.     Plaintiff uses AT&T spam call blocking service application on his cellular telephone.  Notwithstanding, Ascend Funding, LLC still got through.

37.     Plaintiff has registered his cell phone on www.donotcall.gov

38.     Defendant Peter Tafeen gave orders, directions, advice, counsel and information to Defendant Ascend Funding, LLC on exactly how, when and where to conduct illegal telemarketing calls to California citizens, including Plaintiff specifically.  Defendant Tafeen had absolute command and control of Ascend Funding, LLC's telemarketing operations which he learned by acting as an officer of Stephen Sheinbaum's telemarketing business, Next Level.  Sheinbaum is a disbarred attorney and convicted felon.

39.     Peter Tafeen has a federal felony conviction.

40.     Peter Tafeen has a Florida criminal conviction.

41.     Peter Tafeen was convicted of battery in case number 05007626MM10A on or about April 27, 2005 in Broward County, Florida.

42.     Peter Tafeen was convicted of Aggravated Battery in case number F96012228 on or about May 20, 1996 in Dade County, Florida by violating section 784.045 of Florida's criminal statutes.

43.     Peter Tafeen also runs, manages, operates, maintains and controls the following entities:  Firetap Communications Inc, Ascend Management, Inc, Tafeen Ventures, LLC, Island Breeze Sublets, Inc, Kanjac Beauty, LLC, PR Global Marketig, LLC, Impact Ventures, LLC and Impart Network, LLC.

44.     Peter Tafeen's middle name is Brian.

45.     Anthony Ortega, with the title of "Funding Specialist" is an employee at Ascend Funding, LLC, who called Anton Ewing from 347-246-5579 to 619-719-9640 on August 14, 2017 to sell Ewing a loan.  Ortega used an automatic or automated telephone dialing system and expressly confessed to doing so while on the phone with Ewing.  Ortega gave his address at 5 West 37th Street, 2nd Floor, New York, New York, 10018 and provided a callback number of 877-993-8634. Ortega then sent Ewing an email at 10:42 AM on 8/14/2017 from Anthony.ortega@ascendfundings.com to seoresearchdata@gmail.com confirming

the telemarketing call.  At the end of the call with Ortega, Ewing asked Ortega if the call had been recorded and Ortega answered "yes, we record all of our calls." This is the who, what, where, when, how and why.

46.     After several email exchanges with Tafeen in August 2017 and multiple emails with Ryan H. Lehrer, Esq in September 2017, a Michael Gode called Ewing on October 2, 2017 from 646-374-0305 to 619-719-9640.   Truly shocking.  This goes to show the willful, callus and knowing nature of Ascend's telemarketing operations.  Michael Gode who is a "Financial Analyst" employee of Ascend Funding, LLC, provided his address as 5 West 37th Street, 2nd Floor, New York, New York 10018.  Gode sent an email from mike.gode@ascendfundings.com to Plaintiff's gmail.com account.  Gode admitted that the call was recorded at the end of the call and that Ascend Funding, LLC used an automatic telephone dialer to call Ewing.  This is the who, what, where, when, how and why.

47.     Michael Gode stated in writing via email on October 2, 2017 that Ascend Funding, LLC is "in the top 5 percent of direct lenders in America."

48.     Michael Gode stated in writing via email on October 2, 2017 that Ascend Funding, LLC has a call center in Florida.

49.     On October 2, 2017, Ryan H. Lehrer offered $2,500 to settle any and all TCPA claims on behalf of Ascend Funding, LLC.

17cv2507

50.     Plaintiff received a call from Ascend Funding, LLC from 646-506-9566. Michael Gode was the person calling.

51.     Plaintiff received a call from Ascend Funding, LLC from 877-454-6885.

52.     Plaintiff received a call from Ascend Funding, LLC from 305-514-0538.

53.     Plaintiff received a call from Ascend Funding, LLC from 615-292-7962.

54.     The TCPA does not have a pleading particularity requirement.

55.     CIPA does not have a pleading particularity requirement.

56.     Ascend Funding, LLC provided and mandated a list of qualifying questions that its agent lead source generator was required to ask prior to live transferring telemarketing calls.  The questions included the amount of revenue received, the loan amount needed, credit score, whether any bankruptcies have been filed, how long in business, type of business, whether credit cards are accepted and location.

57.     Defendant Ascend Funding, LLC harmed, injured and caused tortious interference with Plaintiff's business by repeatedly calling or causing others hired by them to call Plaintiff over and over again to telemarket their scam usurious loans.  Plaintiff's business was seriously interrupted by the plethora of calls instituted and made by Defendant Ascend Funding, LLC.  Plaintiff could not meet with his own separate clients during the times Defendant Ascend Funding, LLC called Plaintiff's phone.  Further, Plaintiff could not engage in gainful business activity while Plaintiff had to wait for his phone to recharge as a result of the

17cv2507

battery depletion cause by Defendant Ascend Funding, LLC.  Moreover, Plaintiff

suffered and incurred the loss of the use of his phone during each call and during

the recharging thereof.  In addition, Plaintiff was harmed and injured by the fact

that Defendant Ascend Funding, LLC, directly and proximately caused Plaintiff to

have to pay for the electric utilities to recharge his phone and to have to pay his

AT&T cellular phone company for the additional minutes used up by Defendant

Ascend Funding, LLC's illegal scam telemarketing calls made to sell illegal loans

into California without any license whatsoever.

58.     Selling loans into California without a license (CFL or DRE) at more than

10% per annum interest is a felony under California law.  Defendant Ascend

Funding, LLC did, in fact, sell and continues to sell illegal loans into California,

including express and intentional selling to Plaintiff.  Defendant Ascend Funding,

LLC's conducted as described herein above actually caused Plaintiff to sustain and

suffer actual harm and loss of business and property.  The US Supreme Court has

ruled that Defendant Ascend Funding, LLC is vicariously liable under the TCPA

for the acts of their lead agents. But for Defendant Ascend Funding, LLC's

conduct, Plaintiff would have been able to earn the income, revenue and gains that

were denied to Plaintiff as a direct, legal and proximate cause of Defendant Ascend

Funding, LLC's illegal, criminal and conspiring conduct.  Plaintiff additionally

alleges that the significant time and effort spent to bring Defendant Ascend

Funding, LLC to justice before this Court through research and investigation is also an injury caused by Defendant Ascend Funding, LLC.

59.      Plaintiff was forced to pay San Diego Gas & Electric Company more money for Plaintiff's electric utility bill than he would have had to pay but for Defendant Ascend Funding, LLC violating Plaintiff's privacy and other rights from the illegal calls made by Defendant Ascend Funding, LLC and their employees and agents, to Plaintiff.

60.      Defendant Ascend Funding, LLC conspired to employ a Philippine telemarketing boiler-room of criminals to use advanced technology to randomly sequentially dial every combination of telephone number in all of California's area codes, including Plaintiff's home and cellular phones within area code 619. Ascend Funding, LLC employed, trained and conspired within the Philippine operation to make and in fact did make live transfers of the illegal calls to the boiler-room operation at the Florida office using the telephone system, whether direct dial or through Skype or Google Voice, to violate the DNC registry to sell usurious loans without a CFL license.  Defendant Ascend Funding, LLC knowingly and intentionally, with an evil hand guided by an evil mind, exactly and expressly did this every day from August 27, 2014 to December 13, 2017.  How does Plaintiff know this?  Plaintiff was expressly informed of these facts by the

Florida attorney who just finished suing Defendants in a federal class action lawsuit for the exact same violations.

61.     Defendant Ascend Funding, LLC illegally called Collette Stark on August 14, 2017 at 8:30AM on cellular phone 619-347-0726.  Stark did not give Ascend permission to call her for solicitation.

**STANDING**

55.     Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

      i.     A valid injury in fact;

      ii.   which is traceable to the conduct of Defendant Ascend Funding, LLC; and is likely to be redressed by a favorable judicial decision.  See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560.  In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

A. The "Injury in Fact" Prong.

Plaintiff's injury, in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (*Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his cellular phone at

least five (5) times by Defendant Ascend Funding, LLC.  In fact, Plaintiff

expressly informed Defendant Ascend Funding, LLC to cease and desist from all

future telemarketing on the very first call.  Such calls are a nuisance, an invasion of

privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced*

*Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant Ascend

Funding, LLC's invasion of Plaintiff's right to privacy is further exacerbated by

the fact that Plaintiff's phone number, at all times relevant to this litigation, was on

the National Do-Not-Call Registry ( hereinafter, "DNC Registry"). As well,

Plaintiff had no prior business relationship with Defendant Ascend Funding, LLC

prior to receiving the seriously  harassing and annoying calls as well as the

extortionate threats by Defendant Ascend Funding, LLC.  All of Plaintiff's injuries

are concrete and de facto. For an injury to be "particularized" means that the injury

must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,*

*578 U.S. ___ (2016)* at 14.  In the instant case, it was Plaintiff's phone that was

called and it was Plaintiff himself who answered the calls. It was Plaintiff's

personal privacy and peace that was invaded by Defendant Ascend Funding,

LLC's persistent phone calls using an ATDS and a pre-recoded message, despite

Plaintiff having no prior business relationship with Defendant Ascend Funding,

LLC and Plaintiff's attempt to avoid the damage by registering his number on the

DNC Registry. Finally, Plaintiff alone is responsible to pay the bill on his cellular

phone, his home phone and to pay the bill for his electric utility company kilowatt-hour power usage. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by Plaintiff.

B. The "Traceable to the Conduct of Defendants" Prong

The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injury is traceable to the conduct of Defendant Ascend Funding, LLC. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendant Ascend Funding, LLC directly, or by Defendant Ascend Funding, LLC's agent at the direction of Defendant Tafeen.

C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant Ascend Funding, LLC, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant Ascend Funding, LLC from the alleged abusive practices in the future. The award of

monetary damages and the order for injunctive relief redress the injuries of the past

and prevent further injury in the future. Because all standing requirements of

Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v.*

*Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant Ascend

Funding, LLC on the stated claims.

> "…[C]ourts in the Ninth Circuit have held that "allegations of
> nuisance and invasions of privacy in TCPA actions are
> concrete" injuries that establish standing. See *Mbazomo v.*
> *ETourandtravel, Inc*., 16-CV-2229-SB, 2016 U.S. Dist.
> LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8,
> 2016); *Cabiness v. Educ. Fin. Sols., LLC*, 16-CV-1109-JST,
> 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5
> (N.D. Cal. Sept. 1, 2016); *Juarez v. Citibank, N.A.*, No. 16-
> CV-1984-WHO, 2016 U.S. Dist. LEXIS 118483, 2016 WL
> 4547914, at *3 (N.D. Cal. Sept. 1, 2016); *Hewlett v.*
> *Consolidated World Travel, Inc.*, 16-713 WBS AC, 2016 U.S.
> Dist. LEXIS 112553, 2016 WL 4466536, at *2 (E.D. Cal.
> Aug. 23, 2016); *Cour v. Life360, Inc*., 16-CV-00805-TEH,
> 2016 U.S. Dist. LEXIS 98945, 2016 WL 4039279, at *2 (N.D.
> Cal. July 28, 2016); *Booth v. Appstack, Inc*., No. 13-1553JLR,
> 2016 U.S. Dist. LEXIS 68886, 2016 WL 3030256, at *7
> (W.D. Wash. May 25, 2016). In *Mbazomo*, the court held that
> a violation of the TCPA represents a concrete injury because
> "[t]he history of sustaining claims against both unwelcome
> intrusion into a plaintiff's seclusion and unceasing debt-
> collector harassment are squarely 'harm[s] that [have]
> traditionally been regarded as providing a basis for a lawsuit.'"
> Mbazomo, 2016 U.S. Dist. LEXIS 170186, 2016 WL
> 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The
> court declined to follow Romero, explaining that Romero
> "improperly erodes the pleading standard set under Fed. R.

17cv2507

Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id.

Similarly, in *Cabiness*, the court held that a violation of the TCPA represents a concrete injury because "[e]very unconsented call through the use of an ATDS to a consumer's cellular phone results in actual harm: the recipient wastes her time and incurs charges for the call if she answers the phone, and her cell phone's battery is depleted even if she does not answer the phone . . . . unsolicited calls also cause intangible harm by annoying the consumer." *Cabiness*, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5 (internal citations omitted). And in *Juarez*, the court held that the plaintiff's allegation "that he received repeated unwanted calls that caused him aggravation, nuisance, and an invasion of privacy, is sufficient to allege a 'concrete' and 'particularized' injury that establishes standing under *Spokeo*." *Juarez*, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914, at *3.

*Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

56.     "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id*. An injury is "particularized" if it affects "the plaintiff in a personal and individual way." Id. In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id*.

17cv2507

However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id*. at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id*. at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549.  In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id*.

57.     Plaintiff has never had any prior business relationship with any of the Defendants.  Plaintiff's cellular telephone number (619-719-9640) is a private personal cellular telephone number.   Plaintiff has never granted Defendant Ascend Funding, LLC permission to contact Plaintiff.

58.     Plaintiff also brings this action for multiple violations of California's Privacy Act and California Penal §630, et seq. by Defendant Ascend Funding, LLC.  Defendant Ascend Funding, LLC has violated 48 U.S. C. §227 and therefore

this Court has jurisdiction pursuant to the federal questions raised herein.  *Mims v. Arrow Fin. Servs.,* LLC, 132 S. Ct. 740 (2012).

### Standard Applicable to a Preliminary Injunction

60.     To demonstrate his entitlement to a preliminary injunction, Plaintiff Ewing must show (a) that he will suffer irreparable harm and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor.  Plaintiff will file a separate noticed motion in regular course to request preliminary injunctive relief if Ascend Funding, LLC will not stipulate to a cease and desist after meeting and conferring.

61.     During the period relevant herein, which is August 11, 2014 and continuing presently, Defendant Ascend Funding, LLC was and continues to be the agent of Defendant Tafeen for purposes of setting aside the corporation's veil of liability protection.  Because Defendant Ascend Funding, LLC has disregarded and disrespected the corporate (or LLC) form and all of its required formalities of operation as well as the fact that Defendant Ascend Funding, LLC has used and employed agents and employees to commit multiple criminal acts, including but not limited to 47 USC §501, California Penal Code §632 et seq, and 18 USC §1343, then the officers, members, managers and directors cannot hide behind the corporation or LLC.   Tafeen is personally and vicariously liable for the criminal

17cv2507

acts and civil torts that he has had Ascend Funding, LLC commit.  Plaintiff pleads in the alternative, that Tafeen is the alter ego of Ascend Funding, LLC.

62.     Tafeen and Ascend Funding, LLC conspired with Meridian Services, LLC located at 3275 Hillsboro Boulevard, Suite 307, Deerfield Beach, Florida 33442 to violate the TCPA (47 USC §227) and hired, directed and controlled Meridian Services to call Plaintiff to solicit loans and merchant cash advances.  The Court is requested to take judicial notice of ECF docket number 17 in case number 1:17-cv-22656-FAM filed on November 11, 2017 in the Southern District of Florida.

63.     Plaintiff is informed and believes, and therefore alleges, that Defendant Ascend Funding, LLC's comprehensive right to control is sufficient to meet the agency standard under California law.

64.     During the relevant period described herein, Defendant Ascend Funding, LLC aided and abetted, encouraged and rendered substantial assistance to Tafeen in furthering the CIPA and TCPA violations.  In addition to acting on their own behalf individually, Defendant Ascend Funding, LLC is and was acting as the agent, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with Tafeen.  The actions of Ascend Funding, LLC as described in this First Amended Complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between Defendant Ascend Funding, LLC and Meridian,

17cv2507

and as such, create joint ventures between Ascend Funding, LLC, Tafeen and Meridian to the extent that binding legal relationships do not already exist.

65.     Defendants' policies and practices, during the period relevant herein and continuing to the present were to record confidential telephonic communications with California individuals without advising them at the outset of each telephone call that it is being recorded, in violation of California Penal Code §630, *et seq.*

66.     Defendant Ascend Funding, LLC did not obtain consent to record any of the telephone conversations prior to the time they recorded the calls.

67.     Ascend Funding, LLC designed and implemented an extensive call center system for the thousands of consumer transactions serviced by its various affiliates and subsidiaries.  During the times relevant to the CIPA claims made herein, the system included three domestic and international call centers from which customer calls are placed and received on behalf of Ascend Funding, LLC business units.

68.     Ascend Funding, LLC operates, implemented and managed the architecture and infrastructure necessary to meet the call recording strategies set by Tafeen.

69.     CIPA prohibits the recording of communications without first obtaining the consent of all parties to the conversation. Cal. Penal Code §632, §632.7 and §637.2 do not require that a communication be confidential in order to be provided protection from interception or recording. The text of the section notably contains no reference to "confidential communications;" moreover, more than just

confidential communications are protected. ALL communications that are recorded without the consent of both parties to the communication are protected as to Plaintiff.  Defendant Ascend Funding, LLC, however, does not have a reasonable expectation of privacy when they called Plaintiff.

70.     The right protected by Section 632, et seq, is not against the betrayal of a party's confidence by the other party. Rather, Section 632, et seq, protects against simultaneous dissemination to an unannounced second auditor without the party's consent.  Any communication, regardless of the intimacy of the facts discussed, that is recorded devoid of notice of recordation, is a violation of California law.

71.     Under California law, the term "confidential communication" includes any communication carried on in circumstances that may reasonably indicate that any party to the communication desires it to be confined to the parties thereto. Cal. Pen. Code §632(c).  In other words, a communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard."

72.     In light of the sensitive nature of the personal financial and related information being discussed in the calls with Defendant Ascend Funding, LLC, Plaintiff had an objectively reasonable expectation of privacy – in that Ewing reasonably expected that the conversations were not being overheard, monitored and/or recorded.

73.     In violation of the CIPA, Defendant Ascend Funding, LLC recorded Plaintiff's telephone calls without Ewing's express consent.

74.     Defendant Ascend Funding, LLC has engaged in a pattern and practice of recording a substantial percentage of the telephonic communications with individuals located in California.

75.     Defendant Ascend Funding, LLC intentionally, and without the consent of all parties, by means of an electronic recording device, recorded confidential telephonic communications with Plaintiff Ewing.

## CAUSES OF ACTION

## I.

### (For Statutory Damages and Injunctive Relief for Violations of Cal. Penal Code Sections 632 and 637.2(a)-(b))

76.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77.     At all times relevant herein, Defendant Ascend Funding, LLC routinely communicated by telephone with Plaintiff in connection with attempts to sell products of Defendant Ascend Funding, LLC.

78.     At all times relevant herein, Defendant Ascend Funding, LLC made use of a software system that enabled them to secretly record confidential telephone

17cv2507

conversations between Plaintiff on the one hand, and Defendant Ascend Funding, LLC on the other hand.

79.     In each of his conversations with Defendant Ascend Funding, LLC, Plaintiff discussed his confidential personal financial circumstances and affairs on each account.  It was reasonable for the Plaintiff to expect that the conversations would be confined to the parties to the conversation and that his conversations were not being overheard or recorded.

80.     Each of the conversations between Defendant Ascend Funding, LLC and Ewing was a "confidential communication" within the meaning of California Penal Code section 632(c).

81.     California Penal Code section 632, et seq prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded.  Defendant Ascend Funding, LLC confidential telephone communications with Plaintiff were secretly and surreptitiously recorded by Defendant Ascend Funding, LLC without obtaining consent to record such conversations.

82.     Defendant Ascend Funding, LLC's practice of recording telephone conversations with Plaintiff violated California Penal Code section 632(a).

83.     Pursuant to California Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation (per call).

17cv2507

84.     Pursuant to California Penal Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendant Ascend Funding, LLC from committing further violations of CIPA and to prohibit and prevent Defendant Ascend Funding, LLC from making future extortionate threats to Plaintiff and his family.

85.     Pursuant to California Penal Code §637, Defendant Ascend Funding, LLC has willfully disclosed the contents of Plaintiff's telephonic communications to a third party without Ewing's consent.

## II.

## TCPA VIOLATION OF 47 U.S.C. §227 & DO NOT CALL REGISTRY

86.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87.     47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national Do-Not-Call Registry.  47 C.F.R. 64.1200(a)(1)(iii) states that no person or entity may initiate any commercial purpose telephone call to any cellular telephone that is already on the national Do-Not-Call Registry.  Plaintiff and Defendant Ascend Funding, LLC do not and did not ever have any pre-existing or established business relationship at any time.  Defendant Ascend Funding, LLC is not a tax-exempt nonprofit organization or a political organization.

17cv2507

88.    Defendant Ascend Funding, LLC does not have a Do-Not-Call database. Defendant Ascend Funding, LLC refused to identify themselves upon request by Plaintiff.   Defendant Ascend Funding, LLC refused to put Plaintiff on their Do-Not-Call list.

89.    Defendant Ascend Funding, LLC do not have a Do-Not-Call policy that is written.

90.    Defendant Ascend Funding, LLC refused to provide Plaintiff with a written copy of any Do- Not-Call policy.

91.    Defendant Ascend Funding, LLC did not scrub their call lists against the National Do-Not-Call list or registry.

92.    Defendant Ascend Funding, LLC did not have any personal relationship with Plaintiff.

93.    Defendant Ascend Funding, LLC refused to provide the full name of the caller on the telephone who initiated the call.

94.    Defendant Ascend Funding, LLC knowingly and willfully violated the automated-call requirements under 47 U.S.C. §227(b)(3) and willfully and knowingly violated the Do-Not-Call list requirements under 47 U.S.C. §227(c )(5). *Charvat v. NMP, LLC* (2001, CA6 Ohio) 656 F.3d 440 holds that Plaintiff may recover both $1500 statutory damages awards even if both violations occurred in the same telephone call.

17cv2507

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

A.     For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2); $500 plus threefold damages for intentional violation of the Do-Not-Call Registry for each and every call, failure to maintain an Do-Not-Call list, and failure to provide a written copy of Do-Not-Call policy.

B.     For punitive damages in an amount to be determined with exactness at trial herein;

C.     For $1,500 in damages per call under 47 USC §227(b)(1) and $1,500 in damages per call under 47 USC §227(c);

D.     For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

E.     For the payment of reasonable attorneys' fees if applicable and costs of suit incurred herein under all applicable statutes and rules including under Cal. Civ. Proc. Code §1021.5;

F.     For pre- and post-judgment interest at the legal rate;

17cv2507

G. For an injunction prohibiting Defendant Ascend Funding, LLC from calling Plaintiff ever again;

H. For an injunction prohibiting Defendant Ascend Funding, LLC from ever contacting Plaintiff ever again in any manner whatsoever; and

I. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

J. $1,500 for each violation of 47 CFR §64.1601(3)  caller ID spoofing;

K. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

L. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

M. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

N. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

O. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry; and

P. For any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and demands a trial by jury for all claims so triable.

This is a verified Complaint and all statements and declarations herein are true and correct to the best of my knowledge, information and belief.

Dated this 7th day of August, 2018

/s/ *Anton Ewing*
Anton Ewing,
Plaintiff in pro per

FIRST AMENDED COMPLAINT- 40

17cv2507

**Cases**

18 USC §892 ................................................................................................................. 15

*Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) ...................... 8

California Penal Code §519 ....................................................................................... 15

*Charvat v. NMP, LLC* (2001, CA6 Ohio) 656 F.3d 440 ............................................ 40

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560 ................................................ 25

*Manfred v. Bennett Law, PLLC*, No. 12–CV–61548, 2012 WL 6102071, at *2 (S.D. Fla. Dec. 7, 2012) ........................................................................................................................... 9

*Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016).. 31

*Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016) ....................................................................... 28

*Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8 ................................................................................ 30

*Mims v. Arrow Fin. Servs.,* LLC, 132 S. Ct. 740 (2012) ............................................ 31

*Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) ..................... 7

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012) ............. 26

*Spokeo, Inc. v. Robins*, 578 U.S.____(2016) ............................................................ 25

*United States v. Rybicki*, 354 F.3d 124 (2d Cir. 2003) ............................................. 14

**Statutes**

16 CFR §610.4(b)(iii)(B) ........................................................................................... 39

18 USC §1343 ....................................................................................................... 8, 13

18 USC §1346 ........................................................................................................... 13

47 C.F.R. 64.1200(c)(2) ............................................................................................. 36

47 CFR §64.1200(d)(1) .............................................................................................. 39

47 CFR §64.1601(3) .................................................................................................. 39

47 U.S.C. § 227(b)(2) ............................................................................................ 7

47 U.S.C. §227(b)(1)(A) ........................................................................................ 8

47 U.S.C. §227(c )(5) ............................................................................................ 37

47 U.S.C. §501 ...................................................................................................... 6

47 USC §153(39) .................................................................................................. 3

47 USC §227 ......................................................................................................... 6

47 USC §227(b)(3) ................................................................................................ 10

47 USC §227(c) ..................................................................................................... 9

B&P §17511.9 ....................................................................................................... 13

Business & Professions Code §17511.1 ................................................................. 13

Cal. Civ. Proc. Code §1021.5 ................................................................................ 38

California Penal Code §637 ................................................................................... 36

California Penal Code §637.2(a)(1) ....................................................................... 35

California Penal Code §637.2(b) ...................................................................... 36, 38

California Penal Code sections 632 ........................................................................ 11

Rule 9(b) ............................................................................................................... 6

17cv2507