# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ANTON EWING, | CASE NO. 17cv2507-LAB (MDD) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING MOTION TO STRIKE [Dkt. 87]** |
| vs. | |
| EMPIRE CAPITAL FUNDING GROUP, INC., et al., | |
| Defendants. | |

After receiving a series of robocalls, Anton Ewing originally sued nine defendants for violation of the Telephone Consumer Protection Act ("TCPA"). Seven of the defendants either defaulted or have been dismissed, so only two remain: Ascend Funding and Peter Tafeen ("Defendants"). Defendants previously moved to dismiss Ewing's original complaint for lack of personal jurisdiction and failure to state a claim. The Court granted the motion to dismiss for failure to state a claim and denied the motion to dismiss for lack of jurisdiction, but invited Defendants to renew their jurisdictional challenges if Ewing amended. Dkt. 82. Ewing did amend, and Defendants took the Court up on its offer to renew their motion to dismiss, which is now before the Court. Defendants also move to strike a portion of Ewing's complaint that details a settlement offer. For the following reasons, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. Dkt. 87.

## I. Motion to Dismiss

### A. Personal Jurisdiction

Defendants move to dismiss Ewing's First Amended Complaint ("FAC"), arguing they lack sufficient contacts with California to permit jurisdiction over them. Ewing says this Court has already determined it has jurisdiction over the Defendants and that Defendants are therefore "estopped" from relitigating the issue. He is incorrect. When it denied Defendants' original jurisdictional challenge, the Court explicitly invited Defendants to "renew their motion after Ewing amends." Dkt. 82 at 2. There is nothing improper about their decision to do so.

Since neither Ascend nor Tafeen are "essentially at home" in California, Ewing must show the Court has specific jurisdiction over these out-of-state defendants. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). That means Ewing's claims must arise out of activity they purposefully directed at California and it's reasonable to ask them to defend in California. *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990). As the party looking to invoke the federal court's jurisdiction over the Defendants, Ewing has the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). To meet this burden, Ewing has to allege facts that, if true, would support exercising personal jurisdiction over the Defendants. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

The crux of Ewing's allegations are that someone affiliated with Ascend Funding—and, by extension, Peter Tafeen, who is Ascend's CEO—robocalled him and recorded him without his consent. Ewing alleges that "Defendant Ascend . . . used a [robodialer] to call Plaintiff," he heard a "distinctive click," and there was a "two-second delay before a live human operator came on to the call." FAC, Dkt. 84, at ¶7. Specifically, he alleges that he received a call from an Ascend employee named Anthony Ortega, who "expressly confessed" to using an automatic telephone dialing system ("ATDS"). *Id.* at ¶45; Ewing Decl., Dkt. 92, at ¶44.

Defendants attempt to rebut these allegations with a declaration from Ascend's Vice President of Operations, Bernard Lynch. Dkt. 87-3. Lynch's sworn declaration provides that all of Ascend's employees are located in New York and that Ascend does not solicit or market for business in California, a state where it's not registered to do business. *Id.* at ¶¶4-14. Lynch also notes that Ascend does not employ an ATDS—instead, the employee operating the phone system must click input commands to make each call. *Id.* at ¶15. Finally, as relevant to the call or calls at issue in Ewing's complaint, Lynch notes that it was a third party lead generator, not Ascend, that first called and spoke with Ewing. *Id.* at ¶17. Ewing was transferred to Ascend only after Ewing himself expressed a "desire to apply for working capital for his business." *Id.* As to the call by Anthony Ortega, Lynch admits that there is an employee at Ascend by that name, but that Ascend's internal records do not show any call to Ewing's phone number on the date alleged.

At this juncture, the Court is confronted largely with a case of "he said, she said." Ewing says he was robodialed by Ascend, while Ascend says it doesn't robodial. Ascend may be able to disprove the allegations through discovery, but the Court finds Ewing has pleaded sufficient facts to give rise to personal jurisdiction over Ascend. The Court does not, however, have jurisdiction over Tafeen as an individual. Ewing does not plausibly allege that Tafeen was the one who robodialed him, that Tafeen directly ordered the robodialing, or that Tafeen has any other contacts that would permit an exercise of jurisdiction. Ewing makes a threadbare allegation that Ascend is simply an alter ego of Tafeen—a proposition for which he provides no actual support—but otherwise provides no basis for this Court to exercise jurisdiction over Tafeen. See FAC, Dkt. 84, at ¶61; *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984) ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . ."). Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED** with respect to Peter Tafeen, but

1 **DENIED** with respect to Ascend Funding, LLC.  Plaintiff's claims against Peter Tafeen individually are **DISMISSED WITH PREJUDICE**.[1]

### B. Failure to State a Claim

Defendants also argue that Ewing's complaint—which contains one claim under the California Invasion of Privacy Act ("CIPA") and another claim under the TCPA—should be dismissed for failure to state a claim.

Defendants argue that Ewing's CIPA claim is barred because the statute only covers calls to landlines, while the robodials Ewing allegedly received were to a cell phone.  Cal. Penal Code § 632 prohibits the eavesdropping or recording of confidential conversations "carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio . . . ."  In examining the legislative history of this section, other cases from this District have held that the definition of "'telephone' means a landline telephone."  *See McEwan v. OSP Grp., L.P.*, 2015 WL 13374016, at *4 (S.D. Cal. 2015).  This Court agrees.  Accordingly, because Ewing's complaint is predicated on calls made to his cell phone, he cannot state a cognizable CIPA claim.  *See* Compl., Dkt. 84 at ¶6 (referring to calls made to "Plaintiff's . . . registered private cellular phone.").  Defendant's Motion to Dismiss as to Ewing's CIPA claim is therefore **GRANTED** and the claim is **DISMISSED**.

That leaves only Ewing's TCPA claim.  The TCPA generally prohibits calls to numbers that are listed on the National Do Not Call Registry as well as the use of robodialers.  *See* 47 U.S.C. § 227.  Defendants' arguments for dismissal largely mirror

---

[1] Defendants also make various evidentiary objections to Ewing's declaration.  The only statement in the declaration that is relevant to the Court's decision here is Ewing's statement that he "was called on August 14, 2017 from 347-246-5579 by Ascend Funding's Anthony Ortega who is a 'funding specialist' and he attempted to sell me a loan." Dkt. 87-2 at ¶44.  Defendants object that this is self-serving and conclusory. Dkt. 93-1, Obj. 42.  But Ewing's statement provides sufficient detail and Defendants themselves admit that they employ someone named Anthony Ortega, so the Court finds this objection meritless.  That objection is **OVERRULED** and the remainder are **OVERRULED AS MOOT** at this stage.

their arguments for lack of jurisdiction—that Ewing should be suing a third-party and that they did not make the calls at issue. For the same reasons stated above, however, Ewing has plausibly pleaded a violation of the statute. Ascend may well be able to disprove the allegations through discovery and summary judgment, but at this point Ewing has met his burden. Defendants' Motion to Dismiss as to Ewing's TCPA claim is **DENIED**.

## II. Motion to Strike

Defendants urge the Court to strike a portion of Ewing's FAC that disclosed the dollar value of a settlement offer made by Ascend. *See* Dkt. 84 at ¶49. This type of disclosure in a public filing is damaging to both the parties and the judiciary because it undermines free, open, and honest settlement negotiations. This Court has inherent authority to strike such disclosures under FRCP 12(f), and accordingly **STRIKES** Paragraph 49 of Ewing's First Amended Complaint.

The Court will also take this opportunity to caution Ewing against further unprofessional conduct. Ewing's complaint and opposition are replete with personal attacks against various defendants, references to irrelevant details about Tafeen's criminal history, and accusations of perjury. *See, e.g.,* Dkt. 84 at ¶3.e ("Shirreffs is an arrogant, pompous and angry person who just does not get it. He needs to be taught a lesson . . . ."); *Id.* at ¶28 ("[Tafeen] is a felon and he recently filed for bankruptcy."); *Id.* at ¶¶39-42 (thoroughly reciting Tafeen's criminal history); *Id.* at ¶24 ("Nobody, including republicans and democrats, conservatives and liberals, likes telemarketers and yet [Defendants] have the gall and audacity to accuse Plaintiff of wrong-doing when it is [Defendants] who are the criminal telemarketers running boiler-rooms filled with dozens of cubicles packed with telemarketers using robo-dialers."); Dkt. 92 at ¶14 ("Importantly, Tafeen is a convicted felon and as such, should not be believed."); Dkt 92-2 at ¶68 ("Tafeen recently committed felony perjury and had his attorney forge his signature on a court form filed in the Superior Court in San Diego County."). Ewing has already been sanctioned in this case and other cases in this District, so he is not a first-time offender. A fair and efficient judiciary requires civility and professionalism on the part of litigants.

Personal attacks or continued incivility will lead to further sanctions.  This is a case about whether Ewing received unlawful robocalls—Ewing should omit extraneous information and limit his future filings to only those facts and arguments that make his allegations more or less probable.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Ewing's claims against Peter Tafeen individually are **DISMISSED WITH PREJUDICE** for lack of personal jurisdiction.  Ewing's CIPA claim is **DISMISSED WITH PREJUDICE**.  The Court **STRIKES** Paragraph 49 of Ewing's First Amended Complaint.  Defendants' Motion to Dismiss is otherwise **DENIED** and Ewing may proceed with his claim for violation of the TCPA against Ascend Funding, LLC.

**IT IS SO ORDERED**.

Dated: January 9, 2019

**Honorable Larry Alan Burns**
United States District Judge