# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                               Plaintiff,<br><br>vs.<br><br>EMPIRE CAPITAL FUNDING GROUP, INC., et al.,<br><br>                              Defendants. | CASE NO. 17cv2507-LAB (MDD)<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS [Dkt 113];**<br><br>**ORDER OF DISMISSAL** |

**1.**     **Joint Motion to Dismiss between Ewing and Ascend Funding**

Plaintiff Anton Ewing and the only non-defaulted defendant remaining in this case, Ascend Funding, LLC, have jointly moved to dismiss the case with prejudice. That motion is **GRANTED** and Ewing's claims against Ascend Funding are **DISMISSED WITH PREJUDICE**, with each party to bear its own costs and fees. Dkt. 113.

**2.**     **Ewing's Claims against the Remaining Defendants**

The clerk previously entered default against several other defendants in this case,[1] but those defaults were entered more than a year ago and Ewing has taken no further action since. As such, the Court finds that Ewing has unreasonably delayed in prosecuting his

---

[1] The clerk entered default against Resolve Holdings Corp (Dkt. 37), Wayne Shirreffs (Dkt. 51), SMS Ventures, Inc. (Dkt. 51), Prosperify Consulting, LLC (Dkt. 60), and Empire Capital (Dkt. 70). Ewing voluntarily dismissed two other defendants, Shore Funding Solutions, Inc. (Dkt. 81) and Business First Funding Corp. (Dkt. 83). The Court dismissed Ewing's claims against defendant Peter Tafeen with prejudice for lack of personal jurisdiction. (Dkt. 96).

- 1 -

claims against these defendants and **DISMISSES THOSE CLAIMS WITHOUT PREJUDICE**. Compounding this failure to prosecute—and as an alternative ground for dismissal—is the fact that these defendants should not have been included in the same suit to begin with. As best the Court can discern from Ewing's pleadings, the various defendants have nothing in common except that they all happen to be telemarketers who called him in late 2017. By way of example, Ewing's First Amended Complaint ("FAC"), Dkt. 84, makes the following allegations concerning the defaulted defendants:

- **Defendant Empire Capital Funding Group, Inc.**, a New York corporation located at 95 West Broadway, Suite 211, New York, New York 10007 (herein "Empire"). Empire, through Javier Mejia and Jose Martinez and others, called multiple times on December 6, 2017, including one call at 7:01AM, from 845-366-5858, 347-230-8492, 917-246-3113 and 631-292-4099;

- **Defendant Prosperify Consulting, LLC**, a Delaware limited liability company (herein "Prosperify"). Prosperify used 469-609-7256 to call multiple times. Plaintiff recorded many of the illegal and harassing calls because PC §653m is an exception listed in PC §633.5. Prosperify employees got rather nasty in those calls and it will be very interesting to play them to the jury. Plaintiff sued Prosperify for one call made on July 20, 2017 in Superior Court and won. This lawsuit is not claiming that call again but rather for the other calls also made by Prosperify that violate the TCPA and constitute wire fraud; and

- **Defendant SMS Ventures, Inc**, a New York corporation is owned by **Defendant Wayne Shirreffs** along with **Defendant Resolve Holdings Corp**, a Florida corporation. Wayne Shirreffs is no stranger to be sued for TCPA violations. He lost case number 15cv03931 in district court in South Carolina which was a TCPA class action case. Shirreffs is an arrogant, pompous and angry person who just does not get it. He needs to be taught a lesson- that is, to obey the law. Shirreffs, Resolve and SMS sometimes use the dba of Sprout Lending and they called Plaintiff on 12/13/2017 multiple times.

FRCP 20(a)(2) permits joinder of defendants only if the "right to relief . . . aris[es] out of the *same* transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." (emphasis added). While each of these defendants (or groups of defendants) may have violated the Telephone Consumer Protection Act, they did so on separate occasions and in unrelated ways. There

is no common transaction or occurrence that links the defendants to Ewing and one another, so their joinder in the same suit is improper. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) ("Unrelated claims against different defendants belong in different suits."); *Williams v. Guzman*, 2011 WL 1047968, at *1 (E.D. Cal. 2011) ("In asserting two unrelated claims against different defendants, plaintiff has violated Federal Rule of Civil Procedure 20(a)(2)."); *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002) ("The mere assertion that [defendants] are members of a common industry is not sufficient to satisfy the requirement that the right to relief against all Defendants arises out of the same transaction or occurrence."). The Court passes no judgment on the merits of Ewing's claims against these defendants; indeed, the dismissal is made without prejudice specifically so that he may reassert the claims if he wishes.[2] But if he chooses to do that, he'll need to bring the claims in separate suits.

### 3. Conclusion

The parties' joint motion to dismiss is **GRANTED** and Ewing's claims against Ascend Funding, LLC are **DISMISSED WITH PREJUDICE**. Dkt. 113. Ewing's claims against defendants Empire Capital Funding Group, Inc., Prosperify Consulting, LLC, SMS Ventures, Inc., Wayne Shirreffs, and Resolve Holdings Corp. are **DISMISSED WITHOUT PREJUDICE**. Ascend Funding's motion to declare Ewing a vexatious litigant is **DENIED WITHOUT PREJUDICE AS MOOT**. Dkt. 101. The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 17, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] TCPA claims enjoy a four-year statute of limitations, meaning Ewing has more than two years to reassert those claims. 28 U.S.C. § 1658(a). CIPA claims have only a one-year statute of limitations, but would be equitably tolled for the duration they were pending in this Court. *See Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1168 (D. Nev. 2004) (equitably tolling plaintiff's reasserted claims "for the time during which his prior dismissed action was pending before the previous federal district court.").